IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 25, 2012

## STEVEN LINTON GRIFFITH v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Sullivan County**
**No. C58,520     Robert H. Montgomery, Jr., Judge**

_____

**No.  E2011-01506-CCA-R3-PC - Filed October 3, 2012**

_____

Petitioner, Steven Linton Griffith, was convicted in Sullivan County of both the sale and delivery of cocaine within 1,000 feet of a school zone. *See State v. Steve Griffith*, No. E2008-01962-CCA-R3-CD, 2009 WL 1956713, at *1 (Tenn. Crim. App., at Knoxville, Jul. 8, 2009), *perm. app. denied*, (Tenn. Dec. 14, 2009). The trial court merged the convictions into a single judgment. Appellant appealed. *Id.* This Court affirmed the judgment of the trial court on appeal. *Id.* Appellant filed a pro se petition for post-conviction relief in which he argued that he received ineffective assistance of counsel at trial. After a hearing, the post-conviction court denied relief. Appellant argues on appeal that the petition was improperly denied. After a review of the record, we determine that Petitioner failed to show by clear and convincing evidence that he is entitled to post-conviction relief. Accordingly, the judgment of the post-conviction court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and D. KELLY THOMAS, JR., JJ., Joined.

Steven D. Bagby, Assistant Public Defender, Blountville, Tennessee, for the appellant, Steven Linton Griffith.

Robert E. Cooper, Jr., Attorney General and Reporter, John H. Bledsoe, Assistant Attorney General; Greeley Wells, District Attorney General, and Barry P. Staubus, Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION

### *Factual Background*

Petitioner's conviction was based on a controlled drug sale to an informant that occurred near Saint Dominique Catholic School, a private elementary school in Kingsport. *Id.* The police provided the informant with $100 to buy the cocaine and maintained visual surveillance of her awaiting the delivery of cocaine. The transaction was observed by authorities and videotaped. Petitioner was identified by authorities from his voice on the audio component of the videotape. Petitioner's statement was introduced at trial. He told authorities:

> On the date in question Sonna Lastis and I were at Sue Edwards'. She got a call for some crack cocaine. She asked if I would deliver crack cocaine to a fat girl waiting at the Laundromat on Fort Henry Drive near Garden Apartments. Sonna Lastis and I went there. I drove Tad's truck. When we got there we met with a fat girl. Sonna handed the girl the crack cocaine and the girl paid us money. I took the money and took it back to Sue. The only payment Sue ever gave me for making deliveries for her was gas for my car, food, and she let me live with her for a while.

*Id.* Petitioner did not present evidence at trial, and the jury convicted Petitioner of both the sale and delivery of .5 grams or more of cocaine. *Id.* at *2. The convictions were merged into a single conviction and Petitioner was sentenced to twenty years in incarceration. Petitioner appealed the conviction arguing that the evidence was insufficient to support the conviction; that the trial court erred in allowing the State to utilize the missing witness rule; and the State erred in reading a portion of the jury instructions during closing argument. *Id.* at *1. This Court affirmed the judgment of the trial court. *Id.* at *5.

Petitioner subsequently filed a pro se petition for post-conviction relief. In the petition, he claimed that he received ineffective assistance of counsel at trial and that his sentence was excessive "due to the improper application of enhancement factors." Specifically, Petitioner alleged ineffective assistance of counsel in that counsel: (1) failed to give effective advice about the pleadings; (2) failed to investigate witnesses; (3) failed to confer with Petitioner to prepare a meaningful defense; (4) failed to give an effective opening statement at trial; (5) failed to object to several things at trial; (6) failed to inform Petitioner of his right to testify and/or prepare him for testimony; (7) failed to meet with Petitioner enough times to prepare the case for trial.

The post-conviction court dismissed one of Petitioner's issues prior to a hearing. The post-conviction court determined that Petitioner's challenge to the enhancement factors applied to his sentence was without merit because of the change in sentencing laws and the decision in *State v. Carter*, 254 S.W.3d 335 (Tenn. 2008). Petitioner then amended the petition to add additional instances of ineffective assistance of counsel.

At the hearing on the petition for post-conviction relief, counsel for Petitioner testified that he had been licensed to practice law since 1966 and had served as counsel in many criminal cases over his forty plus years as an attorney. He was appointed to represent Petitioner in this case and appeared with him in court three or four times prior to trial. Counsel recalled meeting with Petitioner in his office prior to trial. He estimated that he spent a little over fourteen hours with Petitioner, including nine-and-a-half hours in trial. Counsel described Petitioner as "articulate" and "intelligent."

Counsel requested and received discovery materials prior to trial. He went over these materials with Petitioner, including the videotape. Counsel commented that there was no "denying" Petitioner was the person on the tape. Counsel recalled that Petitioner admitted his involvement in the offense including receiving money, driving to meet the informant, and weighing the cocaine. Counsel did not find any reason to file a motion to suppress.

Counsel relayed an eighteen-year plea agreement to Petitioner prior to trial. Counsel felt that Petitioner's only defense would be ineffective assistance of counsel "if that be the case." At trial, Counsel attempted to get a conviction on a lesser included offense. He stressed that Petitioner was a minor participant in the offense. Counsel denied using a questionable tactic of asking the jury pool not to be prejudiced against Petitioner based on his physical appearance. Counsel explained:

> [Petitioner] has a fairly unusual appearance with his beard and his hair and I think at the time it was braided or ties up in some way and I found over the years some people just look at people and dislike them because of their appearance, even though they may be the greatest people in the world once you talk to them. Still, this first impression that people get because of appearance is important to get in front of the jury and make sure they have no prejudice, bias against someone because of their appearance. Yes, I address that all the time. I even tell them how to dress coming to court sometimes. I had one lady that wanted to come in one time with a Mickey Mouse uniform. I had to send her back. Yeah, I've had things like that happen. Yes, I address those issues. Yes, it's very important.

Counsel also testified that he inartfully attempted to raise an issue with regard to missing witnesses during voir dire. Counsel insisted however that he was able to clarify his objection for the record. Counsel stated that there was, however, no merit to Petitioner's claim of entrapment. Additionally, Counsel was unaware of other witnesses to call to testify.

Counsel was sure that he discussed testifying with Petitioner. Further, the trial court conducted a *Momon* hearing when Petitioner made the decision not to testify.

Petitioner testified that he was on bond when Counsel was appointed to represent him at trial. He recalled that they met about five or six times over a few months. Petitioner claimed that he did not see the video until trial. Petitioner claimed that he did not write the statement and could not have reviewed it the night it was written because he did not have on his glasses. Petitioner insisted that his statement was "not true" the way it was worded. According to Petitioner he refused to sign the first statements that officers wrote but signed the second statement.

Petitioner insisted that Counsel informed him that the plea offer was fifteen years. He did not recall discussing release eligibility with Counsel. Petitioner claimed that had he known about release eligibility he would have taken the deal. Petitioner acknowledged that his "only chance" was to go to trial and hope for a conviction on a lesser included offense.

The post-conviction court denied relief. Petitioner appealed.

*Analysis*

*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

On appeal, Petitioner complains that the post-conviction court improperly denied his petition for post-conviction relief. Specifically, Petitioner argues that he received ineffective assistance of counsel because counsel: (1) did not spend adequate time with Petitioner in preparation for the case; (2) improperly advised Petitioner not to testify at trial; (3) failed to file a motion to suppress; (4) made improper comments during voir dire; (5) improperly shifted the burden during voir dire; (6) demonstrated a misunderstanding of the missing witness rule; (7) admitted Petitioner's guilt at trial; and (8) failed to adequately explain the plea offer to Petitioner.

-5-

The record supports the conclusions of the post-conviction court. Petitioner argues that trial counsel made several improper comments during voir dire. Specifically, Petitioner complains that trial counsel commented that he wanted people that were on Petitioner's side and the State's attorney wanted people that were on his side. The State objected to the comment, and the trial court sustained the objection. The post-conviction court determined that even though the comment was inappropriate, the jury was instructed not to consider the comment so the comment did not prejudice Petitioner.

Next, Petitioner claimed that counsel was ineffective for failing to review or explain the State's evidence. The testimony at the post-conviction hearing indicated that counsel met with Petitioner several times prior to trial for nearly five hours, providing him with discovery materials once they were received. Petitioner claimed that he did not see the videotape of the transaction and had no knowledge about trial or sentencing procedures. The post-conviction court accredited the testimony of trial counsel with regard to this issue. Petitioner has failed to show he received ineffective assistance of counsel due to an alleged lack of time spent with trial counsel prior to trial.

Petitioner insists that trial counsel did not tell him that he could testify at trial and how that decision could affect trial testimony. Petitioner claimed that he wanted to testify and believed his testimony would have helped the jury consider a lesser included offense. Trial counsel stated that they discussed the matter, and Petitioner elected not to testify. The post-conviction court specifically accredited the testimony of trial counsel at the post-conviction hearing. Additionally, a *Momon* hearing was conducted outside the presence of the jury during which Petitioner knowingly and intelligently waived his right to testify. Petitioner is not entitled to relief on this issue.

Petitioner also challenged trial counsel's statements and questions during trial about "proof beyond a reasonable doubt" and "probable cause." Petitioner insisted that trial counsel muddled the issues and confused the jury on the burden of proof, essentially admitting Petitioner's guilt to the jury. The post-conviction court determined that these statements were a tactical decision made by trial counsel in order to try to get the jury to convict Petitioner of a lesser included offense. Again, this Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See Adkins*, 911 S.W.2d at 347. However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Petitioner claims that trial counsel did not understand the missing witness rule and improperly commented during voir dire by naming the witnesses that the State would not be calling at trial that were on the witness list. The trial court sustained the State's objection during trial. On direct appeal, this Court found no reversible error arising from counsel's comments or the trial court's ruling. *See Steve Griffith*, 2009 WL 1956713, at *3-4.

Next, Petitioner claims that trial counsel was ineffective in communicating the sentencing offers. The post-conviction court noted that after the verdict but prior to the sentencing there was an offer of fifteen years if Petitioner agreed to plead to other charges. Trial counsel recalled that the offer was really of no benefit to Petitioner at his age at the time of trial but that he relayed the offer to Petitioner nonetheless. The post-conviction court determined that there was also some discussion in open court about the offer. Therefore, Petitioner has not shown a lack of understanding regarding sentencing offers.

Petitioner also makes claims that trial counsel was ineffective for failing to file a motion to suppress and "concede[d] his guilt to . . . the charges against him [as part of trial strategy]." Neither of these grounds was properly raised in a petition for post-conviction relief. Therefore, they are waived. *See Daniel Ewing v. State*, No. M2010-02282-CCA-R3-PC, 2011 WL 4449673, at *7 (Tenn. Crim. App. at Nashville, Sept. 27, 2011).

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE